PER CURIAM
Writ granted in part. Defendant was found guilty of manslaughter in response to the charge of second degree murder, and sentenced to 20 years imprisonment at hard labor. The court of appeal affirmed. State v. Eaglin , 17-657 (La. App. 3 Cir. 3/28/18), 239 So.3d 1001. In affirming, a majority of the panel found the error in admitting a highly inflammatory photograph of defendant, which lacked any probative value, was harmless because the State introduced sufficient evidence to support the conviction. See Eaglin , 17-657, p. 40, 239 So.3d at 1027 ("There was consistent testimony regarding the fight that preceded the shooting that was sufficient to convict the defendant of manslaughter. The trial court's error in admitting the prejudicial photograph, Exhibit S-2, is, *762 therefore harmless."). Judge Cooks, dissenting, noted that the majority applied the wrong standard in determining whether the error was harmless. The dissent is correct in that assessment. Under Chapman v. California , 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), an appellate court must decide "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction," and "the court must be able to declare a belief that [the error] was harmless beyond a reasonable doubt." Id. , 386 U.S. at 24, 87 S.Ct. at 828. In applying the Chapman standard, "[t]he question, however, is not whether the legally admitted evidence was sufficient ..., which we assume it was, but rather, whether the State has proved 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " See Satterwhite v. Texas , 486 U.S. 249, 258-259, 108 S.Ct. 1792, 1798, 100 L.Ed.2d 284 (1988) (quoting Chapman ). Because the court of appeal applied the wrong standard, we grant in part and remand to the court of appeal to determine whether the State has proved beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. The application is otherwise denied.
REVERSED AND REMANDED